LOVELLA SCOTT, Respondent, v. DANIEL STEVENSON, Appellant.

*Agent — authority of — how proved.*

In an action brought upon a promissory note, alleged to have been transferred by the payee, through the agency of one Hunt, to the plaintiff, the defendant interposed the defense of payment. Upon the trial plaintiff testified that the note was brought to her by one Hunt; and she was also allowed, against the objection and exception of the defendant, to state what was said by Hunt at that time. No evidence was given to show that Hunt had any authority to act for the payee. *Held,* that the declarations of Hunt were improperly received; that his authority could not be proved by his own declarations; nor could it be implied from his possession and delivery of the note.*

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*Charles Hughes,* for the appellant.

*E. F. Bullard,* for the respondent.

Opinion by Countryman, J.

Present — Hardin and Countryman, JJ.

Judgment reversed and new trial granted, costs to abide event.

———

JACOB P. MILLER, Appellant, v. WILLIAM IRISH and another, Respondents.

Appeal from a judgment in favor of the defendants entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the judge's minutes.

The action was brought to recover the value of services rendered by the plaintiff, as broker, in effecting the sale of certain real estate for the defendants. Upon the trial evidence was given tending to

* Marvin v. Wilber, 52 N. Y., 270.

show that the plaintiff was acting in the interests of the buyers, to which the plaintiff objected on the ground that the evidence related to occurrences subsequent to the completion of his contract as broker. The General Term *held*, that as both the fact of the plaintiff's employment, and the extent of such employment, if any, were put in issue by the defendants, the evidence was proper to go to the jury.

*W. C. Benton*, for the appellant.

*Gaul & Esselstyn*, for the respondents.

Opinion by BOCKES, P. J.

Present — BOCKES, P. J., LANDON and COUNTRYMAN, JJ.

Judgment and order affirmed, with costs.

---

CONFUCIUS L. GEER, RESPONDENT, *v.* JOSHUA D. LEGG, APPELLANT.

*Estoppel — False representations.*

THE defendant sold to plaintiff certain logs to which he claimed to have title by virtue of a chattel mortgage, stating that all the logs were covered by such mortgage. In fact, a portion of such logs were not covered by the mortgage. The plaintiff took the logs, relying upon such representation. Afterward, one Larkin claimed title to that portion of the logs not covered by the mortgage, and threatened to bring suit therefor. The defendant directed the plaintiff to hold the logs, and gave him the following agreement: "I hereby agree to make good to C. L. Geer the title to a lot of maple and hemlock logs; said logs being the same as covered by a mortgage given by Marvin W. Thomas to J. D. Legg, on the 9th of August, 1867." At the same time, he claimed that *all* the logs were covered by the mortgage. Larkin brought suit for a portion of the logs, and recovered judgment therefor. The referee in the above entitled action directed judgment in favor of the plain-